NATIONAL LABOR RELATIONS BOARD v. UNITED MINE WORKERS OF AMERICA, DISTRICT 31.

No. 6269.

United States Court of Appeals Fourth Circuit.

Argued June 14, 1951.

Decided June 18, 1951.

Henry Shore, National Labor Relations Board, Pittsburgh, Pa. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, Frederick U. Reel, and Henry Geller, National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Louis D. Meisel, Fairmont, W. Va. (Willard P. Owens, Washington, D. C., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

 This is a petition to enforce an order of the National Labor Relations Board which found that District 31 of the United Mine Workers was guilty of unfair labor practices in violation of the Labor-Management Relations Act, 29 U.S.C.A. § 141 et seq., and directed that it cease and desist from such practices and post notices to that effect. Respondent contends that there was no service of process, that the scope of the order is too broad and that it is not supported by substantial evidence. None of these contentions has sufficient merit to warrant discussion. The evidence abundantly establishes the use of force and intimidation by a group of 500 miners to restrain and coerce employees who were unwilling to acquiesce in the three-day work week decreed by the head of the United Mine Workers; and it is clear that this was done under the direction of respondent. As said in the report of the Special Examiner: "It is undisputed in the record that Wisniewski, a District 31 representative, was one of the two leaders of the group, and its principal spokesman. The obvious organization of the pickets, their clearly preconceived plans, the notice to contact District 31 headquarters with regard to future work schedules, and their leadership by Wisniewski clearly established that the pickets were acting as agents of District 31 and under its supervision and control." The points as to the service of process and the scope of the order are frivolous.

Order enforced.