NATIONAL LABOR RELATIONS BOARD
v. UNITED MINE WORKERS OF AMERICA, DIST. 31, AND LOCALS NOS. 4050, 4346, 1379, 2338, 4047 AND 8327.

No. 6409.

United States Court of Appeals
Fourth Circuit.

Argued June 18, 1952.

Decided July 18, 1952.

Writ of Certiorari Denied Nov. 17, 1952.

See 73 S.Ct. 183.

---

390

John E. Jay, Atty. National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Fannie M. Boyls, Atty. National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Louis D. Meisel, Fairmont, W. Va., for respondents.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board which found that District 31 of the United Mine Workers and Locals 4050, 4346, 1379, 2338, 4047 and 8327 were guilty of unfair labor practices in violation of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., in restraining and coercing employees of L. E. Cleghorn and S. H. Swaney, Inc. in the exercise of rights guaranteed them by the Act. The order directed respondents to cease and desist from the unfair labor practices and to post notices of compliance. The chief grounds of attack upon the order are that proceedings affecting the employees of Cleghorn were improperly joined with those affecting the employees of Swaney and that the order was not supported by substantial evidence. There is no merit in either ground. The joinder of the proceedings was a matter resting in the sound discretion of the Board and in addition, it does not appear that respondents were in any manner prejudiced thereby. As to the sufficiency of the evidence, it is abundantly shown that representatives of respondents engaged in threats and violent conduct in attempts to coerce the employees of Cleghorn and Swaney in the exercise of rights guaranteed them by the act. The facts are fully and correctly set forth in the order of the Board and the Intermediate Report of the Trial Examiner and need not be repeated here. Other objections to the Board's order are entirely lacking in merit. N. L. R. B. v. United Mine Workers, 4 Cir., 190 F.2d 251. It is argued that the order is too broad, but we entirely agree with what was said by the Trial Examiner in this regard, viz.:

"In the present case, * * * the record discloses a repetition in the Cleghorn case of the conduct in the Bitner case immediately following the occurrences in the latter case and continuing over a period of about 6 months, and a continuation in the Swaney case of the violent character of such conduct immediately following the Cleghorn matter. In addition, the record discloses the threat made by Stalnaker that 'eventually they would get around to all of them (non-union mines),' and 'that before the thing was over everyone would be shut down.' That this threat was not idle is evidenced by the

conduct of District 31 in the Swaney case, and convinces me that all of this is but a part of a planned program to apply the same techniques to all the non-union mines within the organizing jurisdiction of District 31. To limit the order to the employees of the two charging parties in this case would be to disregard not only the danger of future commissions of unlawful acts to be anticipated from the course of conduct in the past, but the openly expressed threat of the extension of those violations to other employees."

The order will be enforced.

Order enforced.